UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-570-FDW-DSC

| | |
|---|---|
| EUGENE SHERLOCK HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| STATE OF NORTH CAROLINA, ) | |
| ROY COOPER, ALL MEDIA ) | |
| T.V. STATIONS IN NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint and his motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e).

It does not appear from a review of his complaint that Plaintiff is presently incarcerated, however because he has filed a motion to proceed *in forma pauperis* (IFP), the Court must examine his complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . .").

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While the pro se complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including those claims that describe

1

"fantastic or delusional scenarios." Neitzke, 490 U.S. at 327.

In his complaint, Plaintiff states that he is United States citizen who served in the U.S. Army from 1954-1961 and he is presently retired from active duty and involved in the Promise Keepers of God organization. Through this organization, Plaintiff states that "we teach men holiness We are not Queers." Plaintiff continues by alleging that on October 14, 2014, he was present on government property in Charlotte and preaching from the King James Version of the bible. In his message to the people, Plaintiff informed them that all sinners were going to hell and he was speaking in particular about a political candidate that Plaintiff alleged was a "known queer." Plaintiff preached to the assembled voters and warned that if the voters did not choose to vote "out these perverts all our children would grow up thinking queers was virtues." At some point during this presentation, Plaintiff contends that he was forcibly removed from the government property "by Attorney General Roy Cooper of N.C. Officers of Color of N.C." (3:14-cv-570, Doc. No. 1: Comp. at 6-7). Next, Plaintiff complains that defendant "All Media T.V. Stations in Charlotte" apparently offended his beliefs, or violated his rights, by providing television coverage of men getting married for around 14 hours, and despite his vigorous opposition, the television stations would not "show the entirety of the protestor talking." In his prayer for relief, Plaintiff seeks an order enjoining Attorney General Roy Cooper "to stop his service under N.C. Colors from this conduct." (Id. at 8).

Plaintiff's complaint will be dismissed because it is plainly malicious and frivolous and it fails to state a claim. First, the Court notes that Section 1983 claims are limited to those actions that are allegedly committed by state actors who have violated provisions of the Constitution or federal law. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). All television stations, or any for that matter, are not state actors amenable to suit under § 1983, at least under the facts alleged in this case. Second, Plaintiff's contention that the State of North Carolina or the Attorney General Cooper deprived him of his First Amendment right to free speech is absurd. Plaintiff does not appear to contend that he was arrested, only

2

that he was removed from the government property where he was repeatedly informing anyone who may have been listening to him that they would go to hell as a sinner if they did not oppose someone based on their sexual preference. Finally, there are no allegations that would indicate that the attorney general participated in or ordered his removal from the government premises.

For the reasons stated herein, Plaintiff's complaint will be dismissed. 28 U.S.C. § 1915(e)(2)(B).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** (Doc. No. 2).

**IT IS SO ORDERED.**

The Clerk of Court is directed to close this civil case.

Signed: November 14, 2014

Frank D. Whitney
Chief United States District Judge